# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DETROY COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16-2800-STA-egb |
| VS. | ) |
| | ) |
| SHELBY COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER *IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

On October 5, 2016, Plaintiff Detroy Cooper, who at the time of filing was incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After receiving the appropriate documentation, on November 10, 2016, the Court granted Cooper leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) On July 12, 2017, Cooper notified the Court that his address had been changed indicating that Cooper is no longer incarcerated. (ECF No. 9.)

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. However, in this case, the filing fee was not paid prior to Plaintiff's release. Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released

individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Cooper is ORDERED to submit either the five-page non-prisoner *in forma pauperis* affidavit or the entire $400 filing fee[1] within 30 days after the date of this order. The Clerk shall mail Cooper a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 11, 2017

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff submits a non-prisoner affidavit and the Court finds that he still qualifies for pauper status, he will not be responsible for the additional $50 fee.