IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **DETROY COOPER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:16-cv-2800-STA-egb |
| | ) |
| **SHELBY COUNTY JAIL,** | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER OF DISMISSAL**
_____

Before the Court is a Complaint filed *pro se* by Plaintiff Detroy Cooper on October 5, 2016. The Complaint alleges the violation of Cooper's civil rights under 42 U.S.C. § 1983. On October 7, 2016, the Court entered an order directing Cooper to complete an application to proceed *in forma pauperis* or pay the civil filing fee. On November 7, 2016, Cooper filed a properly completed affidavit to proceed *in forma pauperis*. On November 10, 2016, the Court granted Cooper leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a). The Court proceeded to screen Cooper's pleadings.

On July 12, 2017, Cooper filed a notice of change address with the Court, and the Clerk updated his mailing address on the docket. Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute grants the prisoner the opportunity to make a "down payment" of a partial filing fee and then pay the remainder of the fee in installments. In this case, Cooper had not paid the filing fee prior to his release. The Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees

1

is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Based on Cooper's release from custody and the fact that he had yet not paid the filing fee, the Court entered an order on October 11, 2017, directing Cooper to submit either the five-page non-prisoner *in forma pauperis* affidavit or the entire $400 filing fee within 30 days. The Court instructed the Clerk to mail Cooper a copy of the non-prisoner *in forma pauperis* affidavit form along with a copy of the Court's order. The Court specifically cautioned Cooper that failure to comply with the order in a timely manner would result in the dismissal of the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

More than 30 days have now passed since the entry of the Court's order. The mail containing the order and the IFP affidavit was not returned to the Court, and Cooper has not responded in any way to the Court's instructions. Therefore, the Court hereby **DISMISSES** this case under Rule 41(b) for failure to prosecute. The dismissal is without prejudice to Cooper's right to re-file.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal by Cooper in this matter would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**.

The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 30, 2017